# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA CAMACHO,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>LUCIO CAMACHO, an individual; ANGELINA CAMACHO, an individual; LAW OFFICES OF LES ZIEVE, as TRUSTEE; PROVIDENT FUNDING ASSOCIATES, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and DOES 1 through 100, inclusive.<br><br>　　　　　　　　　　　Defendants. | CASE NO. 15cv1301 JM (JMA)<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

　　　Plaintiff initiated this case in this court on June 12, 2015, asserting six state-law causes of action: (1) wrongful foreclosure, in violation of California Civil Code § 2923.6(c); (2) violation of California's Homeowner Bill of Rights, California Civil Code § 2924.10(a); (3) violation of California's Homeowner Bill of Rights, California Civil Code § 2923.55(b); (4) negligence; (5) unlawful, unfair, or deceptive business practices, in violation of California Business & Professions Code § 17200 et seq.; and (6) fraud and misrepresentation. (Doc. No. 1 ¶¶ 47–95.) Plaintiff alleges that this court has federal-question jurisdiction under 28 U.S.C. § 1331. (Id. ¶ 2.)

1  "Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Id.</u> (citations omitted). The court has a duty to confirm subject-matter jurisdiction *sua sponte*, whether the parties raise the issue or not. See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004).

"[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1091 (9th Cir. 2009) (internal quotation marks omitted). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 n.10 (2006) (internal quotation marks omitted).

In this case, although the caption and the title of one claim mention the Fair Debt Collection Practices Act, Plaintiff did not cite the Act, identify the relevant provisions, or provide any allegations regarding how the Act was violated. Because the remainder of the claims are under state law and there is no basis for diversity jurisdiction given the citizenship of the parties, the complaint presents no basis for federal jurisdiction. Accordingly, this case is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: July 8, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge